## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | | | |
|---|---|---|---|
| **JOHN FULTON, et al.** | ) | | |
| | ) | | |
| **Plaintiffs,** | ) | No. | **05 C 1551** |
| | ) | | |
| **v.** | ) | **Judge John W. Darrah** | |
| | ) | | |
| **DET. ZALATORIS, et al.,** | ) | **Magistrate Judge Nolan** | |
| | ) | | |
| **Defendants.** | ) | | |

### DEFENDANT RUBENSTEIN'S MOTION TO STAY

NOW COMES defendant, Assistant State's Attorney Jacob Rubenstein ("ASA Rubenstein")[1], by and through his counsel, RICHARD A. DEVINE, State's Attorney of Cook County, through his assistants, Patrick T. Driscoll, Jr., Louis R. Hegeman and Stephen L. Garcia, and as and for his motion to stay, pursuant to FRCP 26(a)(1) and 26(c)(1), states as follows:

1.	Plaintiffs John Fulton, Anthony Mitchell and Antonio Shaw (collectively the "plaintiffs"), have filed a four count civil rights complaint under §1983 against several Chicago police detectives, for false arrest, coercive interrogation, conspiracy and deprivation of the right to a fair trial, alleging violation of their Fourth, Fifth and Fourteenth amendment rights, premised on their arrests and the alleged coercion of their confessions in relation to an ongoing murder prosecution.[2]

2.	Plaintiffs also name ASA Rubenstein as a defendant, for his role in taking statements from witnesses, reviewing evidence and initiating the prosecution of plaintiffs. Plaintiffs allege that ASA Rubenstein was, at all relevant times, an attorney with the Cook

---

[1] Since the time of the filing of the complaint in this matter, defendant Rubenstein has gone into private practice. Because he is sued for his conduct as an assistant state's attorney, and referred to as such in the complaint, he will be referred to as Assistant State's Attorney Rubenstein herein for consistency.

[2] A copy of plaintiffs' complaint is attached hereto as Exhibit A, and will be cited herein as "Complaint, ¶ _."

County State's Attorney's Office and was acting within the scope of his employment. (Complaint, ¶ 5.)

3.      As discussed below, these actions are prosecutorial functions for which ASA Rubenstein is absolutely immune from suit. The claim of absolute immunity is not a mere defense to liability, but immunity from all aspects of plaintiffs' lawsuit, including pre-trial discovery. *See, e.g. Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815 (1985).

4.      On May 17, 2005, this Court entered an order staying all proceedings in this Court because the state criminal prosecutions of plaintiffs are ongoing. *See, e.g., Younger v. Harris*, 401 U.S. 378, 91 S. Ct. 746 (1971); *Simpson v. Rowan*, 73 F.3d 134 (7th Cir. 1995).

5.      At a status hearing in this matter on September 29, 2005, the Court was informed that the criminal prosecutions of plaintiffs are still ongoing. The Court set the matter for further status on November 10, 2005, but ordered that the parties should proceed with Rule 26(a)(1) disclosures by October 26, 2005.

6.      As of the date of the filing of this motion, the criminal proceedings are still pending and no date is set for trial as to any of the plaintiffs. On October 31, 2005, the parties are scheduled to appear before the state criminal court on a motion to reopen certain defendants' motions to suppress.

7.      As counsel for defendant advised the Court at the last status hearing, at such time as the stay of this matter is lifted, once the underlying criminal matter has concluded, it is anticipated that ASA Rubenstein will move to dismiss plaintiffs' claims against him on the basis, *inter alia*, that plaintiffs' claims against him are barred by absolute prosecutorial immunity, because the conduct complained of against him arises out of the initiation and prosecution of

2

criminal charges against plaintiffs. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Spiegel v. Rabinovitz,* 121 F.3d 251 (7th Cir. 1997), *cert. den.*, 522 U.S. 998 (1997).

8.      In connection with a motion to dismiss based on absolute prosecutorial immunity, ASA Rubenstein would move to stay discovery against him in this matter until such time as a determination is was made on the issue of absolute immunity.

9.      In *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815 (1985), the Supreme Court, recognizing that qualified immunity shares the essential attribute of absolute immunity – an entitlement not to stand trial – observed:

> The entitlement is *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, [a qualified immunity] is effectively lost if a case is erroneously permitted to go to trial.

Therefore, the court held, "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell*, 472 U.S. at 526, 105 S.Ct. at 2815. *See also Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145, 113 S. Ct. 684, 688 (1993) ("the value to the States of their Eleventh Amendment immunity, like the benefit conferred by qualified immunity to individual officials, is for the most part lost as litigation proceeds past motion practice").

10.      The *Mitchell* court explained the basis underlying the concept of qualified immunity thusly:

> The conception animating the qualified immunity doctrine as set forth in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), is that "where an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken 'with independence and without fear of consequences.'" [Citation omitted] . . . the "consequences" with which we are concerned in *Harlow* are not limited to liability for money damages; they also include "the general costs of subjecting officials to the risks of trial -- distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service."

3

*Mitchell*, 472 U.S. at 525-26, 105 S. Ct. at 2815.

11.     The court had previously addressed these concerns in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727 (1982), by holding that, until the threshold issue of immunity was resolved, discovery should not be allowed. *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738. *See also Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 536 (1991) (". . . because the entitlement is an immunity from suit, rather than mere defense to liability, we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.")(internal quotation marks and citations omitted).

12.     The same concerns raised in *Mitchell v. Fitzgerald* were recognized by the Supreme Court when it held that prosecutors are entitled to absolute, rather than qualified immunity:

> If a prosecutor had only qualified immunity, the threat of §1983 suits would undermine performance of his duties no less than would the threat of common-law suits for malicious prosecution. A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages. Such suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. [Citation omitted.] Further, if the prosecutor could be made to answer in court each time such a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law.

*Imbler v. Pachtman*, 424 U.S. 409, 425, 96 S.Ct. 984, 992 (1976).

13.     Addressing what it characterized as a conumdrum relating to compliance with the directives of *Harlow* and *Mitchell*, as presented in a case involving issues of qualified immunity where artful pleading could possibly avoid the immunity, the court in *Elliot v. Thomas*, 937 F.2d 338 (7th Cir. 1991), observed: "Official immunity creates a 'right not to be tried'; yet if by arguing that the defendants acted with forbidden intent the plaintiff may obtain exhausting

4

discovery and trial, the promise of a 'right not to be tried' is a hoax." 937 F.2d at 344. The

Seventh Circuit determined, consequently, that the issue should be resolved at the pleading stage:

> . . . we think that the best solution to the conumdrum is to require the plaintiff to produce specific, nonconclusory factual allegations which establish [the necessary mental state], or face dismissal. Unless the plaintiff has the kernel of a case in hand, the defendant wins on immunity grounds in advance of discovery.

*Elliot*, 937 F.2d at 344-45 (internal quotation marks omitted).

14.    In addition to the policy concerns dictating against proceeding on discovery

where absolute immunity issues are raised, because the allegations against ASA Rubenstein arise

out of his conduct as a Felony Review assistant state's attorney in the underlying state criminal

prosecution of plaintiffs, any information or documents that ASA Rubenstein may disclose under

Rule 26(a)(1) would necessarily be associated with the ongoing prosecution and the criminal file

of the Cook County State's Attorney's Office.

15.    The purpose of staying the §1983 proceedings during the pendency of the

underlying criminal matter is to avert any interference in the criminal prosecution. To require a

defendant sued in his capacity as an assistant state's attorney, who is involved in the underlying

prosecution, to participate in the civil rights lawsuit while the underlying criminal prosecution is

ongoing would be contrary to this policy.

16.    Based on the foregoing, ASA Rubenstein respectfully requests that this Court stay

his disclosures under FRCP 26(a)(1) until such time as the stay entered in this matter is lifted

after the underlying criminal proceedings have terminated, and until such time as there has been

a determination on any issues of absolute prosecutorial immunity raised in response to plaintiffs'

complaint.

WHEREFORE, for the above and foregoing reasons, defendant Assistant State's

Attorney Jacob Rubenstein prays that this Court stay his Rule 26(a)(1) disclosures until such

time as the stay is lifted on this matter and a determination is made on any issue of absolute

prosecutorial immunity.

<div style="margin-left: 50%;">

Respectfully submitted,

RICHARD A. DEVINE
State's Attorney of Cook County


By:     s/ Stephen L. Garcia_____
Stephen L. Garcia
Assistant State's Attorney
No. 06195546
*One of the Attorneys for Defendant*
*Jacob Rubenstein*

</div>

Patrick T. Driscoll, Jr.
Deputy State's Attorney

Louis R. Hegeman, Supervisor
Special Projects and Assignments

Stephen L. Garcia
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois  60602
312.603.5475